ALD-161                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3807
_____

RAPHAEL MOSES SPEARMAN,
Appellant

v.

LIEUTENANT ALAN MORRIS; CORRECTIONAL OFFICER W. HOLLOWOOD
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-14-cv-01751)
District Judge Mark R. Hornak
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 25, 2016

Before:  AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed:  March 1, 2016)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Raphael Spearman appeals from the judgment of the United States District Court for the Western District of Pennsylvania in his § 1983 action. As the appeal does not present a substantial question, we will summarily affirm the decision of the District Court.

I.

Spearman initiated this § 1983 action in 2014 against Lieutenant Alan Morris and Correctional Officer W. Hollowood, both employees at SCI-Waynesburg, asserting a variety of constitutional claims based on their alleged involvement in the destruction of his legal documents and subsequent threats they directed at him.

According to Spearman's complaint, on February 2, 2014, Hollowood threatened to move him to a "hard cell" if Spearman did not stop filing grievances related to his lost legal documents,[1] and also allegedly advised Spearman that "he thr[ew] [Spearman's] legal work in the trash" to ensure he would lose his case.[2] On February 3, 2014, Spearman filed grievance number 49606, listing the above allegations against Hollowood. On February 11, 2014, the grievance office denied Spearman's grievance, citing a lack of evidence. Spearman appealed this decision on February 18, 2014, and on

---

[1] Hollowood's threat regarding the filing of grievances appears to be related to a request Spearman filed to library staff on January 27, 2014 concerning lost legal documents.
[2] Though it is not clear from the complaint, state court records indicate that Spearman was charged in June of 2014 with criminal homicide and related charges for an incident that occurred at SCI-Waynesburg. Spearman appears to suggest in his complaint that Hollowood destroyed his legal work to handicap Spearman's defense in this matter.

March 6, 2014, the facility manager upheld the initial denial, also citing a lack of evidence.

On April 21, 2014, the Secretary's Office of Inmate Grievances and Appeals declined to exercise final review over Spearman's appeal of the facility manager's decision because Spearman did not attach the required documentation with his appeal, including a copy of the initial grievance and subsequent responses. The Secretary's response advised Spearman, in an "action required" notice, that if he did not submit these forms within fifteen days, his appeal would be dismissed.

Meanwhile, on February 12, 2014, Spearman filed grievance number 497318 against Defendant Morris, alleging that Morris "blackmailed" and threatened him into withdrawing a previously filed grievance concerning his lost legal documents. The grievance officer denied this grievance on February 24, 2014, citing a lack of evidence. Spearman appealed on February 26, 2014, and on March 3, 2013, the facility manager upheld the initial denial. On March 28, 2014, the Secretary's office again declined to exercise final review over Spearman's appeal because Spearman failed to attach the required documentation. The office advised him that his appeal would be dismissed if he did not attach the required documents within fifteen days.

Spearman acknowledges that he received both "action required" notices from the Secretary's office, but "swear[s] under oath" that he "filed all copies of my initial grievance; all responses and all appeals, as well as a brief appeal to the (S.O.I.G.A.) [for both grievances] within the time frame." He further indicates that he "sent the copies to

the central office for forwarding because of threats [he's] been receiving." Curiously, Spearman also contends that his "failure to comply properly with the exhaustion requirement [for both grievances] was caused by illegal actions by the name[d] Defendants by threatening; retaliation & wrongdoing to prevent the plaintiff from properly completing the exhaustion requirements." The District Court record does not contain any of Spearman's appeals to the Secretary's office, only the "action required" notices sent to Spearman.

Defendants filed a motion to dismiss on August 5, 2015, arguing that Spearman failed to exhaust his administrative remedies because he never properly appealed to final review. The District Court treated this as a motion for summary judgment, and in an October 7, 2015 Report and Recommendation, recommended that Defendants' motion be granted. On October 29, 2015 the District Court granted Defendants' motion for summary judgment and adopted the Report and Recommendation as the opinion of the Court. Spearman filed a timely notice of appeal from this order on November 19, 2015.

II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court award of summary judgment and apply the same test the district court should have applied – whether the record "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). In applying this test, we must accept evidence presented by the non-movant as true and draw all justifiable factual inferences

4

in his favor. Id. We may summarily affirm the District Court's award of summary judgment where "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6 (2015).

The District Court correctly granted Defendants motion for summary judgment because Spearman failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA").

Section 1997e of the PLRA provides, in part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . until such administrative remedies as are available are exhausted." This exhaustion requirement is an affirmative defense, and entry of summary judgment on such a ground is appropriate only when the moving party presents "evidence that would entitle [it] to a directed verdict if not controverted at trial." In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 331 (1986)).

DC-ADM 804, which governs the grievance and appeals process in Pennsylvania correctional institutions, provides for a three-step process, with final review of grievances performed by the Secretary's office. This Court has frequently observed that a plaintiff must follow *each* of these steps to exhaust his administrative remedies under the PLRA. Booth v. Churner, 206 F.3d 289, 299 (3d Cir. 2000) (2001) (plaintiff "did not take full advantage of the administrative procedures available to him" in failing to use steps two and three of DC–ADM 804); Jenkins v. Morton, 148 F.3d 257, 259 (3d Cir.1998)

5

(discussing California and Illinois grievance procedures similar to DC–ADM 804 and concluding that exhaustion occurs only after completion of final step). In addition, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). Because Spearman never perfected his appeal for final review according to applicable procedures, he has failed to exhaust his administrative remedies.

Spearman adopted seemingly inconsistent positions to oppose Defendants' motion. In his response to Defendants' motion to dismiss, he "swear[s] under oath [that he] filed all copies of [his] initial grievance; all responses and all appeals as well as a brief appeal to the (S.O.I.G.A.) [for both grievances] within the time frame," and concludes that "I believe that I exhausted all my administrative remedies." But in his objections to the Report and Recommendation, he states that his "failure to comply properly with the exhaustion requirement [for both grievances] was caused by illegal actions by the name[d] Defendants by threatening; retaliation & wrongdoing to prevent the plaintiff from properly completing the exhaustion requirements." These bare, contradictory allegations are insufficient to create a genuine issue of material fact. Sec. & Exch. Comm'n v. Bonastia, 614 F.2d 908, 914 (3d Cir. 1980). ("Denials in the form of legal conclusions, unsupported by documentation of specific facts, are insufficient to create issues of material fact that would preclude summary judgment.").

Accordingly, we will affirm the decision of the District Court.